IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEE RONALD STEVENSON,

        Petitioner,

v.                                                                     Civil Action No. 1:06-CV-92
                                                                  Criminal Action No. 1:03-CR-46

UNITED STATES OF AMERICA,         (JUDGE STAMP)

        Respondent.

## REPORT AND RECOMMENDATION
## THAT § 2255 MOTION BE DENIED

### I. INTRODUCTION

On June 5, 2006, *pro se* petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Motion was placed in the prison mailing system on May 30, 2006. The Government filed its response December 8, 2006. Petitioner filed a response to respondent's response on January 10, 2007.

### II. FACTS

A. **Conviction and Sentence**

The petitioner was named in a one count indictment filed on September 5, 2003 in the Northern District of West Virginia. Petitioner was charged in count 1 with being a felon in possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1), 922(g)(2), 922(g)(3), and 924(a)(1)(d). On December 9, 2003, petitioner was convicted by a jury trial of count 1.

On March 17, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and

the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 84 months imprisonment, of which 48 are to be served consecutively to the petitioner's state sentence.

**B.     Appeal**

On May 22, 2004, petitioner filed a notice of appeal. On February 25, 2005, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied petitioner's petition on May 31, 2005.

**C.     Federal Habeas Corpus**

The petitioner asserts the following grounds for relief:

1) The search of his apartment violated the Fourth Amendment protection against unreasonable searches and seizures. Petitioner also alleges he possesses evidence Sergeant Parks committed perjury at the trial and requests an evidentiary hearing to establish that fact.

2(a)) In the first part of Issue 2, petitioner alleges his sentence in the present case was unlawful because the sentencing judge relied on two unlawful prior state convictions from Michigan when enhancing his sentence.

2(b)) In the second part of Issue 2, petitioner alleges counsel was ineffective for failing to bring to the trial court's attention his state defender's assurance there would be no further investigation of his West Virginia crimes if he was extradited back to Michigan.

3) He was prejudiced by the trial court unconstitutionally permitting the government to alter the language of the jury instructions post-trial. He further alleges his counsel was ineffective for failing to raise this issue on direct appeal.

4) He was prejudiced by the Government showing witness Jerry Westervelt the gun directly without having him choose it from a "line-up." Petitioner further alleges his counsel was ineffective for failing to raise this claim on direct appeal.

5) Facts and convictions alleged in the Presentence Report were erroneous and his counsel was ineffective for sealing petitioner's nine-page "Version of the Offense" rather than ensuring it was incorporated into the Presentence Report.

6) He was prejudiced by his trial counsel's failure to permit him to testify in his defense.

7) His sentence was unlawful because it relied on a Michigan conviction he attempted to appeal but was unconstitutionally barred from doing so.

In its response to the Petitioner's motion, the Government asserts:

1) Petitioner is barred from litigating the Fourth Amendment issue because he raised and lost the issue on direct appeal.

2(a)) Petitioner may not challenge his facially valid prior convictions on collateral review.

2(b)) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

3) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

4) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

5) Petitioner may not use collateral review to challenge prior state convictions. Furthermore, he is barred from raising the issue of his Presentence Report on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

6) Petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

7) Petitioner is barred from using collateral review to challenge prior state convictions..

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because he is procedurally barred from rasing Issues 1, 2(a), 5, and 7 on collateral review and procedurally defaulted Issues 2(b), 3, 4, 5, and 6.

### III.  ANALYSIS

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack."  28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**A.      Timeliness of Motion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255. The limitation period shall run from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Where a federal prisoner files a petition a writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final - thereby triggering the one-year limitation - when the Supreme Court either denies certiorari or issues a decision on the merits. Clay v. United States, 537 U.S. 522, 525 (2003).

In the present case, the Supreme Court denied petitioner's writ of certiorari on May 31, 2005. Petitioner therefore had until May 31, 2006 to file his motion under § 2255. Because petitioner placed his motion in the prison mailing system on May 30, 2006, his motion was timely filed. United States v. Dorsey, 988 F. Supp. 917, 920 (D. Md. 1998).

**B.      Procedurally Defaulted Issues**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues he may bring in his § 2255 motion and which issues he "procedurally defaulted" by failing to raise on direct appeal. It is well settled non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). In establishing "prejudice," the petitioner must show the error worked to his "actual and substantial disadvantage," rather than merely created a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In the alternative to establishing "cause" and "prejudice," Petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621 (1998). In such an event, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *6-7 (E.D. Va. May 22, 2007) (relying on Schlup v. Delo, 513 U.S. 298 (1995). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

The Court finds petitioner procedurally defaulted Issues 2(b), 3, 4, 5, 6 because he has failed to show "cause" and "prejudice" for failing to raise the issues on direct appeal. Maybeck, 23 F.3d at 891.

C. **Issue 1 - Whether the Search of Petitioner's Apartment Violated the Fourth Amendment.**

Petitioner alleges the search of his apartment and the seizure of firearms violated the Fourth Amendment. Specifically, he alleges he possessed a privacy interest in the apartment and its contents at the time of the search such that the search - conducted without a warrant and without his consent - was unlawful. Petitioner further alleges there is new evidence Sergeant Parks committed perjury and requests an evidentiary hearing to establish that fact. The Government responds petitioner is barred from raising the present Fourth Amendment issue because he raised, and lost, the issue on direct appeal. The Government further alleges Petitioner is not entitled to an evidentiary hearing on the matter concerning Sergeant Parks because petitioner has failed to meet his burden to receive a hearing.

It is well settled that issues raised and decided on direct appeal may not be raised in a collateral attack such as a § 2255 motion. Boeckenhaupt, 537 F.2d at 1182. Petitioner raised on direct appeal the District Court's denial of his motion to suppress evidence. The District Court, in denying petitioner's motion, found petitioner had relinquished his privacy interest in the apartment and its contents and therefore had no standing to challenge the search or seizure of evidence. The Court of Appeals affirmed the District Court's judgment. For these reasons, petitioner is barred from raising the present issue on collateral review.

Petitioner has also failed to demonstrate he is entitled to an evidentiary hearing on the matter of whether Sergeant Parks committed perjury. Petitioner alleges a fax from Michigan

7

establishes Sergeant Parks committed perjury when he testified he did not know about petitioner's apartment (where the guns were seized) until after the search of the motor home and that he never sought a search warrant for petitioner's apartment. Assuming the fax could establish Sergeant Parks committed perjury, petitioner is not entitled to a hearing on the matter because the Court finds the record "conclusively" establishes petitioner would not be entitled to relief on the basis of new impeachment evidence of Sergeant Parks. See 18 U.S.C. § 2255 ["[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall …grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."]; see, also, United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000); see, also, Hurdle, 2007 U.S. Dist. LEXIS 37709, at *5 (E.D. Va. May 22, 2007) [evidentiary hearing not required where the case files and documents are "adequate to dispose of the matter."]. The Court bases its finding on the fact there existed sufficient evidence aside from Sergeant Parks' testimony (such as evidence petitioner lived in the apartment where the gun was found), to prove petitioner committed the crime.

**D.**     **Issue 2(a) - Whether Petitioner's Sentence Was Unlawful Because it Relied on Unlawful Prior State Convictions**

In the first part of Issue 2, Petitioner alleges his sentence was unlawful because the sentencing judge relied on two unlawful prior state convictions from Michigan when enhancing his sentence. Petitioner argues the first conviction was unlawful because the jury convicted him of involuntary manslaughter and yet the judge sentenced him for voluntary manslaughter. He argues his second conviction for "felony firearm" was unlawful because "the Felony Firearm

8

Statute could not be used for an 'Involuntary' conviction." Commissioner contends petitioner is barred from challenging prior state convictions in a § 2255 motion.

The Supreme Court, in Custis v. United States, 511 U.S. 485, 496-97 (1994), held a federal defendant may not challenge a prior state conviction used to enhance his sentence unless the prior conviction was obtained in the absence of counsel. See, also, United States v. Bacon, 94 F.3d 158, 162-63 (4th Cir. 1996) [holding because the petitioner was represented by counsel at trial for the prior conviction, he may not collaterally attack a court's subsequent reliance on the conviction for the purposes of a statutory sentence enhancement]. The Court in Custis explained permitting otherwise would burden the district courts with the task of "rummaging through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 states." Custis, 511 U.S. at 496. Additionally, the Court relied on the principle of promoting the finality of judgments. Id. Because petitioner had counsel during both prior convictions, he may not challenge the sentencing judge's use of his prior convictions to enhance his sentence.

E. **Issue 2(b) - Whether Petitioner was Prejudiced By His Counsel's Failure to Bring to the Sentencing Judge's Attention Promises Made to Him His State Attorney.**

In the second part of Issue 2, petitioner alleges his counsel was ineffective for failing to bring to the court's attention his state defender's assurance there would be no further investigation of petitioner's West Virginia crimes if he was extradited back to Michigan. The Government argues petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

9

The Court finds petitioner has procedurally defaulted the above issue and may not use it to collaterally attack his sentence. As explained above, a petitioner "procedurally defaults," and is precluded from raising on collateral review, those issues not raised on direct appeal absent a showing of "cause" for failing to raise the issue on direct appeal and "prejudice" resulting from the underlying error. Maybeck, 23 F.3d at 891. Although attorney error satisfying the requirements of Strickland v. Washington, 466 U.S. 668,[1] may satisfy the "cause" requirement for petitioner's procedural default, see Murray, 477 U.S. at 494, petitioner must still demonstrate "prejudice" resulting from his counsel's ineffectiveness.[2] The Court finds petitioner has failed to demonstrate an "actual and substantial disadvantage" resulted from his counsel's error, because there is no evidence his sentence would have been different had the court known about the alleged promises. See Satcher, 126 F.3d at 572. Accordingly, he is procedurally barred from raising the present issue on collateral review.

**F.     Issue 3  - Whether Petitioner was Prejudiced by the Post-Trial Alteration of Jury Instructions.**

Petitioner alleges he was prejudiced by the trial court unconstitutionally permitting the government to alter the language of the jury instructions post-trial. Petitioner explains that prior to trial, all parties had agreed on specific language for each jury instruction and his defense at

---

[1] The Supreme Court in Strickland held a defendant is deprived of his constitutional right to counsel if his counsel's performance fell "below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

[2] It is unclear whether the standard of prejudice establishing ineffective assistance of counsel under Strickland (which satisfies the "cause" requirement for procedurally defaulted claims) is identical to the showing of prejudice necessary to excuse the procedural default. See Williams v. French, 146 F.3d 203, n. 10 (4th Cir. 1998); see, also, Freeman v. Lane, 962 F.2d 1252, 1258-59 and n.5, (7th Cir. 1992) [discussing difference between procedural default and ineffective counsel "prejudice" tests]. This issue need not be decided because the Court finds petitioner has satisfied neither standard of "prejudice" in this case.

trial relied on such language.  Post-trial, however, the trial court permitted the government to alter the language of the jury instructions.  Petitioner asserts his counsel was ineffective for failing to raise this issue on direct appeal.  The Government argues petitioner is barred from raising the issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court finds petitioner is procedurally barred from raising the present issue on collateral review because, as with Issue 2(b), petitioner has failed to demonstrate "cause" and "prejudice."  Maybeck, 23 F.3d at 891.  Although petitioner's counsel's ineffective assistance on appeal may satisfy the "cause" requirement, see Murray, 477 U.S. at 494, petitioner has failed to demonstrate an "actual and substantial disadvantage" resulted from the altered instructions.  See Satcher, 126 F.3d at 572.  While petitioner alleges he was prejudiced because his entire defense relied on the originally agreed-upon instructions, the mere possibility of prejudice is insufficient to rehabilitate a procedurally defaulted issue.  Id.  Petitioner has the burden of showing that his conviction and sentence would have been different had the instructions not been altered.  Petitioner has not met this burden.  Accordingly, he is procedurally barred from raising the present issue on collateral review.

### G. Issue 4 - Whether Petitioner Was Prejudiced by the Government's Failure to Conduct a Proper Gun "Line-up."

Petitioner alleges he was prejudiced by the Government showing witness Jerry Westervelt the gun directly rather than having him identify the gun in a "line-up."  Petitioner further alleges his counsel was ineffective for failing to raise this claim on direct appeal.  The Government argues petitioner is barred from raising the issue on collateral review because even

if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court, once again, finds petitioner is procedurally barred from raising the present issue in his § 2255 motion. Because petitioner did not raise the issue of the gun identification on direct appeal, he must demonstrate "cause" for his failure and "prejudice" resulting from the faulty identification. Maybeck, 23 F.3d at 891. Although his counsel's ineffective assistance on appeal may satisfy the "cause" requirement, see Murray, 477 U.S. at 494, petitioner must still demonstrate "prejudice" resulting from his counsel's error. The Court finds petitioner has failed to demonstrate an "actual and substantial disadvantage" resulted from the allegedly faulty gun identification, because he has failed to demonstrate his conviction and sentence would have been different had Jerry Westervelt not been able to identify the gun seized in petitioner's apartment. See Satcher, 126 F.3d at 572. Accordingly, he is procedurally barred from raising the present issue.

**H.** **Issue 5 - Whether Petitioner was Prejudiced by Alleged Errors in the Pre-Sentence Investigation Report and By His Counsel's Failure to Submit Petitioner's "Version of the Offense" to the Court.**

Petitioner challenges facts alleged in the Presentence Report, challenges the convictions used to enhance his sentence, and alleges his counsel was ineffective for sealing petitioner's nine-page "Version of the Offense" rather than ensuring it was incorporated into the Presentence Report. The Government argues petitioner may not presently challenge the convictions used to enhance his sentence and is barred from raising the issue of the Presentence Report on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court finds petitioner is barred from collaterally attacking the prior state convictions used to enhance his sentence. See Custis, 511 U.S. at 496-97 (1994); see, also, Bacon, 94 F.3d at 162-63. The Court next finds that even if petitioner can prove his counsel was ineffective for failing to raise on direct appeal the issue of the facts contained in his Presentence Report or for sealing his "Version of the Offense," petitioner has failed to show how he was prejudiced by the facts in the Presentence Report or the sealing of his "Version of the Offense." While petitioner challenges numerous aspects of the Presentence Report, petitioner has failed to show that the sentencing judge relied on the facts in arriving at the sentence or that his sentence would have been different absent the facts in the Report or with the facts alleged in his "Version of the Offense." See Satcher, 126 F.3d at 572. Accordingly, the Court finds petitioner has failed to demonstrate how he was prejudiced and is therefore procedurally barred from raising the present issues relating to the Presentence Report and his "Version of the Offense."

I. **Issue 6 - Whether Petitioner was Prejudiced Because He Was Not Given the Opportunity to Testify In His Defense.**

Petitioner alleges he was prejudiced by his trial counsel's failure to permit him to testify in his defense. Petitioner further alleges his counsel's failure constitutes ineffective assistance of counsel. The Government argues petitioner is barred from raising the present issue on collateral review because even if he can demonstrate "cause" for failing to raise the issue on direct appeal, he cannot demonstrate "prejudice."

The Court finds petitioner is barred from raising the present issue on collateral review because he has failed to show his counsel was ineffective for advising him against testifying and that he was prejudiced by his counsel's faulty advise. The Court recognizes there exists a strong presumption counsel's conduct falls within a "wide range of reasonable professional assistance."

13

Strickland, 466 U.S. at 694. Furthermore, "the advice provided by a criminal defense lawyer on whether his client should testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir 2002) (internal quotation marks omitted). Because it appears petitioner's counsel merely strongly advised - as opposed to coerced - petitioner he should not testify, the Court finds his counsel was not ineffective on the basis presently alleged. See United States v. Laureano, 2006 U.S. Dist. LEXIS 78227, at *6-10 (D.S.C. Oct. 25, 2006).

Even if petitioner can establish his counsel was ineffective for advising him against testifying, the Court finds petitioner has failed to show how he was prejudiced by his counsel's advise. Petitioner's assertion in his § 2255 motion that he was denied the right to "bring forth evidence" and that the court, absent his testimony, erroneously relied on "assumptions, misconceptions, and plain error," provides insufficient detail to establish how his conviction or sentence would have been different had he testified.

For the aforementioned reasons, the Court finds petitioner is procedurally barred from raising the present issue in his § 2255 motion

**J.    Issue 7 - Whether Petitioner's Sentence Was Unlawful Because it Relied on a Conviction He Was Denied the Right to Appeal.**

Petitioner alleges his sentence was unlawful because it relied on a Michigan conviction he attempted to appeal but was unconstitutionally barred from doing so. Specifically, petitioner alleges the manner in which he was transferred from federal to state custody deprived him of the right to file a timely appeal of his Michigan conviction. Petitioner alleges his counsel was ineffective for failing to raise the issue of his unlawful sentence on direct appeal. The

Government contends petitioner is barred from collaterally attacking prior state convictions used to enhance his sentence.

The Court finds petitioner is barred from collaterally attacking his prior state convictions used to enhance his sentence. As explained above in Issue 2(b), a federal defendant may not challenge a prior state conviction used to enhance his sentence unless the prior conviction was obtained in the absence of counsel. See Custis, 511 U.S. at 496-97 (1994); see, also, Bacon, 94 F.3d at162-63. Because petitioner had the assistance of counsel during the trial for the prior conviction, he may not collaterally attack the sentencing judge's use of his prior convictions to enhance his sentence.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because he is procedurally barred from rasing Issues 1, 2(a), 5, and 7 on collateral review and procedurally defaulted Issues 2(b), 3, 4, 5, and 6.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to counsel of record.

DATED: December 3, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE